# Joseph M. Parker, plaintiff in error, *vs.* Richard Stewart, defendant in error.

### *Error to Jefferson.*

On a petition for partition of land, held in common, it is error to dismiss the petition upon the answer admitting the truth of all the allegations in the bill, but setting forth in avoidance an agreement between the parties by parol, to divide the tract in a particular manner, and tendering a deed to, and demanding one from the petitioner.

Parker filed his petition for the partition of a tract of land which he claimed to own jointly with Stewart. The latter answered to the petition confessing all the facts set out in it, and alleging further by way of avoidance of the costs, that the petitioner had always before the filing of the petition, refused receiving a conveyance from him for his share of the land, although he had repeatedly offered him one, and had also refused to execute a conveyance to the defendant for his, Stewart's, half of the land, when desired to do so. To this there was a general replication; and upon the hearing of the cause at September term, 1842, the petition was dismissed with costs.

To reverse this order, Parker sued out his writ of error, and has assigned for error:

1. The court erred in dismissing the complainant's bill.
2. The court erred in refusing the partition prayed for.

3. The court erred in trying said cause without a jury ; no issue was entered on the record to be tried.

HALL & SHUFFLETON, for plaintiff in error.

GRIMES & STARR, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—This was a petition for the partition of lands under the statute. All that is required by law is set forth in the petition. The answer of the defendant admits the truth of all the allegations of the petition, but sets forth in avoidance thereof, an agreement between the parties to divide the tract in a particular manner. To this there is a general replication, and the whole case submitted to the court on petition, answer, replication and testimony. The court dismissed the petition, whereupon an appeal was taken to this court.

The defence set up by the defendant not being responsive to the bill, requires to be proved. The testimony fails to sustain that defence. The evidence is almost entirely limited to Parker's admissions and those admissions prove too much. They show that the agreement between the parties was that if Stewart's share of the tract embraced any of Parker's improvement, that he, Stewart, was to convey to Parker at a stipulated price, all of such improvement thus embraced ; that Parker had offered to convey in accordance with the terms of such agreement, but that Stewart had refused to do so. Having refused to comply with that agreement, he is certainly in no condition to avail himself thereof as a defence. The decision of the court below dismissing the petition was therefore erroneous.

Decree of dismissal set aside and case remanded to the District Court of Jefferson county.